CARL P. A. NELSON (State Bar # 115118)
BOLD, POLISNER, MADDOW, NELSON & JUDSON
A Professional Corporation
500 Ygnacio Valley Road, Suite 325
Walnut Creek, CA  94596-3840
(925) 933-7777 (telephone)
(925) 933-7804 (facsimile)
E-mail: cpanelson@prodigy.net

Attorneys for Third Party Plaintiffs
JACKSON VALLEY IRRIGATION DISTRICT,
GEORGE LAMBERT, HENRY WILLY, TIM CURRAN,
TODD OHM, and LARRY COSTICK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation, <br><br> Plaintiff and Petitioner, <br><br> vs. <br><br> JACKSON VALLEY IRRIGATION DISTRICT, a special irrigation district, GEORGE LAMBERT, an individual, HENRY WILL Y, an individual, TIM CURRAN, an individual, TODD OHM, an individual, and LARRY COSTICK, an individual, <br><br> Defendants and Respondents. | NO: 2:06-CV-00894-DFL-KJM <br><br> **THIRD PARTY COMPLAINT OF DEFENDANTS AND RESPONDENTS JACKSON VALLEY IRRIGATION DISTRICT, GEORGE LAMBERT, HENRY WILLY, TIM CURRAN, TODD OHM, AND LARRY COSTICK FOR INDEMNITY AND CONTRIBUTION** |
| JACKSON VALLEY IRRIGATION DISTRICT, a special irrigation district, GEORGE LAMBERT, an individual, HENRY WILL Y, an individual, TIM CURRAN, an individual, TODD OHM, an individual, and LARRY COSTICK, an individual, <br><br> Third Party Plaintiffs, <br><br> vs. <br><br> FANBASSTIC, INC., a California corporation, ROBERT L. LOCKHART, an individual, BRUCE L. LOCKHART, an individual, ROBERT M. LOCKHART, an individual, LAURIE HEDGER, an individual, TOM SEARS, an individual, STOLT SEA FARM CALIFORNIA, LLC, a business entity of unknown origin or form, MARINE HARVEST US INC., a Delaware Corporation, SIERRA AQUAFARMS, INC., a California Corporation, <br><br> Third Party Defendants. | **JURY TRIAL REQUESTED** |

**THIRD PARTY COMPLAINT FOR**          -1-
**INDEMNITY AND CONTRIBUTION**

1   Defendants and Respondents JACKSON VALLEY IRRIGATION DISTRICT, GEORGE

2   LAMBERT, HENRY WILLY, TIM CURRAN, TODD OHM, and LARRY COSTICK

3   (collectively "Third Party Plaintiffs"), by and through their counsel, hereby bring this Third

4   Party Complaint to state their claims for indemnity and contribution against Third-Party

5   Defendants FANBASSTIC, INC., a California corporation, ROBERT L. LOCKHART, an

6   individual, BRUCE L. LOCKHART, an individual, ROBERT M. LOCKHART, an individual,

7   LAURIE HEDGER, an individual, TOM SEARS, an individual, STOLT SEA FARM

8   CALIFORNIA, LLC, a business entity of unknown origin or form, MARINE HARVEST US

9   INC., a Delaware Corporation, SIERRA AQUAFARMS, INC., a California Corporation, (the

10  "Third-Party Defendants"), which claims arise out of the same transaction or occurrence as the

11  underlying case as alleged in the Complaint and Petition filed by the CALIFORNIA

12  SPORTFISHING PROTECTION ALLIANCE ("Plaintiff"), and said Third Party Plaintiffs

13  allege as follows:

14  **I.    PARTIES, JURISDICTION AND VENUE**

15      1. Defendant, Respondent, and Third-Party Plaintiff JACKSON VALLEY

16  IRRIGATION DISTRICT ("JVID") is an irrigation district organized and existing under

17  Division 11 of the California Water Code, for the purpose, inter alia, to provide water service

18  within its service area generally westerly of Lake Amador, and southeasterly of Ione, California.

19      2. Defendants, Respondents, and Third-Party Plaintiffs GEORGE LAMBERT, HENRY

20  WILLY, TIM CURRAN, TODD OHM, and LARRY COSTICK, are each individuals residing

21  within JVID and sued herein solely in their respective capacities as Members of the Board of

22  Directors of JVID, and each of whom brings this Third Party Complaint is said capacity.

23      3. Third Party Defendant FANBASSTIC, INC. is a California corporation with its

24  principal place of business within JVID and is one of the concessionaries under contract with

25  JVID that, as alleged in Paragraph 2 of the Complaint herein, allegedly released and is releasing,

26  on an ongoing and continuous basis, effluent from fish-rearing facilities ("fish farms") into

27  Jackson Creek and other waters of the United States without having obtained a National

28  Pollutant Discharge Elimination System ("NPDES") permit.

**THIRD PARTY COMPLAINT FOR**          -2-
**INDEMNITY AND CONTRIBUTION**

4. Third Party Defendants ROBERT L. LOCKHART, BRUCE L. LOCKHART, ROBERT M. LOCKHART, LAURIE HEDGER, are each individuals each of whom signed the Concession Agreement with JVID executed on or about March 31, 2005, which together with the previous concession agreement dated January 31, 1973, and numerous amendments thereto, comprised the "contract with JVID" under which, as alleged in Paragraph 2 of the Complaint herein, effluent was allegedly released and is being released from fish farms, on an ongoing and continuous basis, into Jackson Creek and other waters of the United States without having obtained a NPDES permit.  Third Party Plaintiffs are informed and believe and based thereon allege that ROBERT L. LOCKHART, BRUCE L. LOCKHART, ROBERT M. LOCKHART, LAURIE HEDGER, and each of them, are jointly and severally liable, with Third Party Defendant FANBASSTIC, INC., and therefore legally responsible for, and therefore liable for the injuries and damages allegedly caused by the releases, if any, as alleged in the Complaint herein.

5. Third Party Plaintiffs are informed and believe and based thereon allege that at all times relevant to this action, Third Party Defendants ROBERT L. LOCKHART, BRUCE L. LOCKHART, ROBERT M. LOCKHART, LAURIE HEDGER, and FANBASSTIC, INC. (herein collectively referred to as the "LOCKHART DEFENDANTS"), were each the agent, servant, employee, partner, joint venturer, or surety of the other LOCKHART DEFENDANTS and was acting within the scope of that agency, employment, partnership, venture, or suretyship with the knowledge and consent or ratification of each of the other LOCKHART DEFENDANTS in doing the things alleged in the Complaint herein and in this Third Party Complaint, including the releasing, on an ongoing and continuous basis, of effluent from fish farms into Jackson Creek and other waters of the United States without having obtained a NPDES permit.

6. Third Party Defendant TOM SEARS is an individual and is one of the concessionaries under contract with JVID that, as alleged in Paragraph 2 of the Complaint herein, allegedly released and is releasing, on an ongoing and continuous basis, effluent from fish farms into Jackson Creek and other waters of the United States without having obtained a NPDES permit.

THIRD PARTY COMPLAINT FOR                              -3-
INDEMNITY AND CONTRIBUTION

7. Third Party Defendant STOLT SEA FARM CALIFORNIA, LLC, a business entity of unknown origin or form, and is one of the concessionaries under contract with JVID (by virtue of a sublease from Third Party Defendant TOM SEARS) that, as alleged in Paragraph 2 of the Complaint herein, allegedly released and is releasing, on an ongoing and continuous basis, effluent from fish farms into Jackson Creek and other waters of the United States without having obtained a NPDES permit.

8. Third Party Defendant MARINE HARVEST US INC. is a Delaware Corporation. Third Party Plaintiffs are informed and believe, and based thereon allege, that Third Party Defendant MARINE HARVEST US INC. is the successor entity to STOLT SEA FARM INC., the former Delaware corporation that, together with Third Party Defendant SIERRA AQUAFARMS, INC., formed a joint venture using the name STOLT SEA FARM CALIFORNIA, LLC to conduct business within JVID and elsewhere within California.  It was in the course of such joint venture that, as alleged in Paragraph 2 of the Complaint herein, effluent was allegedly released and is being released from fish farms, on an ongoing and continuous basis, into Jackson Creek and other waters of the United States without having obtained a NPDES permit.

9. Third Party Defendant SIERRA AQUAFARMS, INC. is a California Corporation. Third Party Plaintiffs are informed and believe, and based thereon allege, that Third Party Defendant SIERRA AQUAFARMS, INC., together with STOLT SEA FARM INC., the predecessor to MARINE HARVEST US INC., formed a joint venture using the name STOLT SEA FARM CALIFORNIA, LLC to conduct business within JVID and elsewhere within California.  It was in the course of such joint venture that, as alleged in Paragraph 2 of the Complaint herein, effluent was allegedly released and is being released from fish farms, on an ongoing and continuous basis, into Jackson Creek and other waters of the United States without having obtained a NPDES permit.

10. Third Party Plaintiffs are informed and believe and based thereon allege that at all times relevant to this action, Third Party Defendants STOLT SEA FARM CALIFORNIA, LLC, MARINE HARVEST US INC., and SIERRA AQUAFARMS, INC. (herein collectively referred

**THIRD PARTY COMPLAINT FOR**                    -4-
**INDEMNITY AND CONTRIBUTION**

to as the "STOLT DEFENDANTS"), were each the agent, servant, employee, partner, joint venturer, or surety of the other STOLT DEFENDANTS and was acting within the scope of that agency, employment, partnership, venture, or suretyship with the knowledge and consent or ratification of each of the other STOLT DEFENDANTS in doing the things alleged in the Complaint herein and in this Third Party Complaint, including the releasing, on an ongoing and continuous basis, of effluent from fish farms into Jackson Creek and other waters of the United States without having obtained a NPDES permit..

11. The Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

12. Venue is proper in this Court pursuant to the venue provisions of The Clean Water Act ("CWA"), 33 U.S.C. §1365(c); and 28 U.S.C. §1391(b). Pursuant to Local Rule 3-120, intradistrict venue is proper in Sacramento, California because the releases allegedly made by the Third Party Defendants occurred within Amador County, and because Third Party Defendants ROBERT L. LOCKHART and TOM SEARS each reside within Amador County, and because Third Party Defendant MARINE HARVEST US INC. maintains its primary office at 9149 East Levee Road in Elverta, California, within Sacramento County.

## II.     FACTUAL BACKGROUND

### A.     THE ORIGINAL LAWSUIT

13. The material allegations of the Complaint and Petition state:

> "25. CSPA is informed and believes, and thereupon alleges, that JVID has discharged and will continue to discharge pollutants into waters of the United States without an NPDES permit. CSPA is also informed and believes that JVID has failed to complete an application for an NPDES permit and has not in fact obtained a permit for its discharges of pollutants from the hatcheries to Jackson Creek and other downstream waters.

> 26. Plaintiff is informed and believes, and thereupon alleges, that all of the violations alleged in this Complaint are ongoing and continuing.

> 29. JVID discharges pollutants from fish-rearing facilities located on JVID's land into Jackson Creek.

THIRD PARTY COMPLAINT FOR                    -5-
INDEMNITY AND CONTRIBUTION

30. Plaintiff is informed and believes, and thereupon alleges, that from at least January 23, 2001 to the present, Defendant has discharged and will continue to discharge pollutants into waters of the United States without an NPDES permit in violation of Section 301(a) of the Act, 33 U.S.C. § 1311(a).

31. These polluted discharges are therefore unlawful discharges of pollutants from point sources into waters of the United States within the meaning of Section 301 of the Act, 33 U.S.C. § 1311. "

14. Each of the discharges and violations alleged in the quoted provisions (and elsewhere) in the Complaint and Petition were made not by any one or more of the Third Party Plaintiffs but were made, caused, and performed, if at all, by one or more of the Third Party Defendants, each of whose such activities were conducted pursuant to a contractual arrangement with JVID, as alleged hereinafter.

## B.   CONTRACTUAL ARRANGEMENTS WITH JVID

15. Third Party Defendants FANBASSTIC, INC., ROBERT L. LOCKHART, BRUCE L. LOCKHART, ROBERT M. LOCKHART, LAURIE HEDGER, are each signatory to and bound by the Concession Agreement with JVID executed on or about March 31, 2005, which together with the previous concession agreement dated January 31, 1973, and numerous amendments thereto, comprised the "contract with JVID" under which, as alleged in Paragraph 2 of the Complaint herein, the LOCKHART DEFENDANTS allegedly released and are releasing, on an ongoing and continuous basis, effluent from fish farms into Jackson Creek and other waters of the United States without having obtained a NPDES permit.

16. Said Concession Agreement provides in pertinent part as follows, the term "Concessionaire" referring to the Lockhart Defendants:

"7. During the entire term of this Concession Agreement and any renewal or extension thereof, Concessionaire and its authorized assignees or authorized subcontractors, shall conduct and operate the business of the concessions in a legitimate, ethical, proper, adequate, lawful, and neat, clean, and orderly manner….

25. Concessionaire agrees to and shall forever indemnify and hold District harmless from all claims, demands, obligations, liabilities, causes of action, which may be made or asserted against District … arising out of the operation of the concession and facilities described herein. [¶]

26. District shall not be liable to Concessionaire nor to any other person or persons for or on account of any injury or damage occasioned in or about

**THIRD PARTY COMPLAINT FOR**
**INDEMNITY AND CONTRIBUTION**                      -6-

the recreation area or in connection with the use thereof to persons or to property of any nature or sort whatsoever, and Concessionaire agrees to hold the District free and harmless from any and all liabilities, claims, damage, loss, cost, expense arising out of, or any way connected with, Concessionaire's use, occupation, or activities in or about the recreation area or connected in any fashion with the condition of the recreation area or any appurtenance thereof.  The Concessionaire shall at all times hold the District free and harmless from any and all claims or liabilities, including counsel fees and costs, expenses, for damages arising or about the recreation area or in any way in connection with use or occupation thereof whether for injury (bodily or otherwise) to person or persons, or for damage to property or the death of any person or by the loss any property, by whatsoever asserted."

17.   By signing the Extension of Lease Agreement and Consent to Assignment, Third Party Defendants TOM SEARS, STOLT SEA FARM CALIFORNIA, LLC, MARINE HARVEST US INC., and SIERRA AQUAFARMS, INC., thereby and by operation of law, each bound themselves to the terms and conditions of the Ground Lease and Agreement dated June 16, 1971 by and among JVID, Calaveras Trout Farm, Inc. and Ed Murrison, as extended, amended, and/or assigned by or pursuant to the Agreement dated June 1, 1977 by and among JVID, Calaveras Trout Farm, Inc. and Ed Murrison, the Extension of Lease Agreement and Consent to Assignment dated January 6, 1997 by and among JVID, Jane Murrison by and on behalf of Buena Vista Trout Farm, Inc. (the assignee of Calaveras Trout Farm, Inc.), and Tom Sears, and the Second Amendment to Ground Lease Agreement dated January 7, 1998 by and among TOM SEARS, STOLT SEA FARM CALIFORNIA, LLC, MARINE HARVEST US INC., and SIERRA AQUAFARMS, INC.  This Ground Lease and Agreement (as extended, amended, and/or assigned) comprised the "contract with JVID" under which, as alleged in Paragraph 2 of the Complaint herein, Third Party TOM SEARS and the STOLT DEFENDANTS allegedly released and are releasing, on an ongoing and continuous basis, effluent from fish farms into Jackson Creek and other waters of the United States without having obtained a NPDES permit.

18.   Said Ground Lease and Agreement, as amended, provides in pertinent part as follows, the term "Landlord" referring to JVID, and the term "Tenant" referring to Third Party Defendants TOM SEARS and the STOLT DEFENDANTS:

"7.   Tenant shall at all times hold Landlord free and harmless from any and all claims or liability, including counsel fees and costs and expenses, for

**THIRD PARTY COMPLAINT FOR**                    -7-
**INDEMNITY AND CONTRIBUTION**

damages arising in or about the demised premises or in any way in connection with the use or occupation thereof, whether for injury (bodily or otherwise) to person or persons, or for damage to property or the death of any person or by the loss of any property, by whomsoever asserted.  ….

13.  During the entire term of this lease and any renewal or extension thereof, Tenant or its authorized assignees shall conduct and operate the business specified herein in a legitimate, ethical, proper, adequate, lawful, and neat, clean, and orderly manner."

## FIRST COUNT AND CAUSE OF ACTION
## EXPRESS CONTRACTUAL INDEMNITY
(Against the LOCKHART DEFENDANTS)

19.     Paragraphs 1 through 16 are re-alleged and incorporated into this Count as if fully set forth herein.

20.     While the Third Party Plaintiffs deny that they or any of them have any liability for any of the matters alleged in the Complaint and Petition, if the Third-Party Plaintiffs are held liable to Plaintiff and Petitioner, said Defendants and Third-Party Plaintiffs are entitled to be indemnified and held harmless by the LOCKHART DEFENDANTS, and each of them, against any and all claims or liability, including counsel fees and costs and expenses, arising from the acts or omissions of the LOCKHART DEFENDANTS, or any of them, giving rise to such liability for any of the matters alleged in the Complaint and Petition.  Said obligations extend to Defendants, Respondents, and Third-Party Plaintiffs GEORGE LAMBERT, HENRY WILLY, TIM CURRAN, TODD OHM, and LARRY COSTICK, each of whom was sued herein solely in their respective capacities as Members of the Board of Directors of JVID, pursuant to the provisions of California law by which their respective legal relations with JVID are governed, including without limitation the provisions of Government Code section 825 and Labor Code section 2802.

WHEREFORE, Third Party Plaintiffs pray for relief as hereinafter set forth.

/

/

/

**THIRD PARTY COMPLAINT FOR**             -8-
**INDEMNITY AND CONTRIBUTION**

## SECOND COUNT AND CAUSE OF ACTION
### EXPRESS CONTRACTUAL INDEMNITY
(Against the STOLT DEFENDANTS)

21.     Paragraphs 1 through 14, 17, and 18 are re-alleged and incorporated into this Count as if fully set forth herein.

22.     While the Third Party Plaintiffs deny that they or any of them have any liability for any of the matters alleged in the Complaint and Petition, if the Third-Party Plaintiffs are held liable to Plaintiff and Petitioner, said Defendants and Third-Party Plaintiffs are entitled to be held free and harmless by Third Party Defendant TOM SEARS and the STOLT DEFENDANTS, and each of them, against any and all claims or liability, including counsel fees and costs and expenses, arising from the acts or omissions of Third Party Defendant TOM SEARS and the STOLT DEFENDANTS, or any of them, giving rise to such liability for any of the matters alleged in the Complaint and Petition.  Defendants, Respondents, and Third-Party Plaintiffs GEORGE LAMBERT, HENRY WILLY, TIM CURRAN, TODD OHM, and LARRY COSTICK, each of whom was sued herein solely in their respective capacities as Members of the Board of Directors of JVID, pursuant to the provisions of California law by which their respective legal relations with JVID are governed, including without limitation the provisions of Government Code section 825 and Labor Code section 2802.

WHEREFORE, Third Party Plaintiffs pray for relief as hereinafter set forth.

## THIRD COUNT AND CAUSE OF ACTION
### EQUITABLE INDEMNIFICATION, CONTRIBUTION
### AND COMPARATIVE EQUITABLE INDEMNITY
(Against All Third Party Defendants)

23. Paragraphs 1 through 18 are re-alleged and incorporated into this Count as if fully set forth herein.

24. Each of the discharges and violations alleged in the Complaint and Petition were made not by any one or more of the Third Party Plaintiffs but were made, caused, and performed, if at all, by one or more of the Third Party Defendants.  Accordingly, if and to the extent that the Third-Party Plaintiffs are held liable to Plaintiff and Petitioner, said liability is the exclusive

THIRD PARTY COMPLAINT FOR                    -9-
INDEMNITY AND CONTRIBUTION

result of the actions and omissions of the Third-Party Defendants, and equity requires that the Third-Party Defendants to indemnify the Third Party Plaintiffs for all amounts said Third Party Plaintiffs may have been or may be required to pay as the result of the actions or omissions of the Third-Party Defendants, and said Third Party Plaintiffs are entitled to equitable indemnity, contribution, or comparative equitable indemnity from the Third-Party Defendants.

25. By letters dated April 28, 2006 and May 19, 2006, JVID tendered, on behalf of all Third Party Plaintiffs, the defense of the Complaint and Petition to the Third Party Defendants. As of the date of this Third Party Complaint, not one of the Third Party Defendants has agreed to undertake the defense of the Third Party Plaintiffs. As a result, the Third Party Plaintiffs have incurred and will continue to incur costs and expenses, including attorney's (counsel's) fees, in the defense of the lawsuit and in prosecuting this Third Party Complaint against the Third Party Defendants. Accordingly, Third Party Plaintiffs are entitled to equitable indemnity, contribution, or comparative equitable indemnity from the Third-Party Defendants to

26. Alternatively, Section 505(d) of the Clean Water Act provides for an award of attorneys' fees to any prevailing or substantially prevailing party in the prosecution of a claim brought under the Clean Water Act. Section 505, 33 U.S.C. 1365(d) and such other statutes which may apply.

WHEREFORE, Third Party Plaintiffs pray for relief as follows:

A.     That, if Defendants and Third-Party Plaintiffs are held liable for any matter alleged in the action, judgment be entered in favor of Defendants and Third-Party Plaintiffs and against Third-Party Defendants for full and complete indemnity and/or contribution from Third-Party Defendants, and each of them, whose conduct directly resulted in the claims asserted by Plaintiffs.

B.     That a trial by jury be had for all issues to be tried;

C.     That Third-Party Plaintiffs recover their attorneys' fees and expenses of litigation incurred in defending against the claims of Plaintiff and in prosecuting this Third Party complaint based on the "tort of another" common law theory and pursuant to 33 U.S.C. § 1365(d) and such other statutes which may apply; and

**THIRD PARTY COMPLAINT FOR**                    -10-
**INDEMNITY AND CONTRIBUTION**

1    D.    That the Court award Third-Party Plaintiffs such other and further relief as this

2  Court may deem just and proper.

3

4  Dated: June 24, 2006            BOLD, POLISNER, MADDOW, NELSON & JUDSON

5                                  By: _Carl P. A. Nelson_____

6                                  Carl P. A. Nelson, Attorneys for Defendants and
                                   Respondents and Third Party Plaintiffs JACKSON
7                                  VALLEY IRRIGATION DISTRICT, GEORGE
                                   LAMBERT, HENRY WILLY, TIM CURRAN, TODD
8                                  OHM, and LARRY COSTICK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD PARTY COMPLAINT FOR**              -11-
**INDEMNITY AND CONTRIBUTION**

## PROOF OF ELECTRONIC SERVICE AND
## CONVENTIONAL SERVICE BY MAIL

I am a citizen of the United States, over the age of 18 years, employed in the County of Contra Costa, and not a party to the within action; my business address is 500 Ygnacio Valley Road, Suite 325, Walnut Creek, CA 94596.

On June 26, 2006, I served the attached **THIRD PARTY COMPLAINT OF DEFENDANTS AND RESPONDENTS JACKSON VALLEY IRRIGATION DISTRICT, GEORGE LAMBERT, HENRY WILLY, TIM CURRAN, TODD OHM, AND LARRY COSTICK FOR INDEMNITY AND CONTRIBUTION** on the respective parties in said action: (1) by attaching a true copy thereof in ".pdf" electronic format to an e-mail addressed as follows:

Plaintiff CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

mrlozeau@lozeaulaw.com

Plaintiff CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

andrew@packardlawoffices.com

and (2) by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Walnut Creek, California, addressed as follows:

Plaintiff CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

Michael R. Lozeau
Law Office of Michael R. Lozeau
1516 Oak Street, Suite 216
Alameda, CA 94501

Plaintiff CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

Andrew L. Packard
Michael P. Lynes
Law Offices of Andrew L. Packard
319 Pleasant Street
Petaluma, CA 94952

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 26, 2006, at Walnut Creek, California.

_Carl P. A. Nelson_
Carl P. A. Nelson

**PROOF OF SERVICE OF
THIRD PARTY COMPLAINT FOR
INDEMNITY AND CONTRIBUTION**